UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CHRISTOPHER SEPULVEDA,

                                     Petitioner,

              - against -

WILLIAM A. LEE, Superintendent, Green Haven
Correctional Facility,

                                  Respondent.
-----------------------------------------------------------------------x

11-CV-487 (CS) (JCM)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

Seibel, J.

       Before the Court are Petitioner Christopher Sepulveda's Objections, filed September 14,
2014, (Doc. 63), to the Report and Recommendation ("R&R") of United States Magistrate Judge
Judith C. McCarthy, dated August 25, 2015, (Doc. 62), recommending denial of Petitioner's
Petition pursuant to 28 U.S.C. § 2254, (Doc. 1).  Familiarity with prior proceedings, the R&R,
the issues presented and the applicable legal standards is presumed.

I.    Standard of Review

       A district court reviewing a magistrate judge's report and recommendation "may accept,
reject, or modify, in whole or in part, the findings or recommendations made by the magistrate
judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and
recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after
being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *accord* 28
U.S.C. § 636(b)(1).  A district court must conduct a *de novo* review of those portions of the
report or specified proposed findings or recommendations to which timely objections are made.
28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *DiPilato v. 7-Eleven*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (internal quotation marks omitted); *accord  McAllan v. Von Essen*, 517 F.Supp.2d 672, 679 (S.D.N.Y.2007) ("If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (internal quotation marks omitted); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest."  *DiPilato,* 662 F. Supp. 2d at 340 (internal quotation marks omitted).  "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."  *Id.* (internal quotations marks omitted).

II.    Discussion

-2-

Petitioner has raised three objections to the R&R.  First, he alleges that the Magistrate Judge erroneously concluded that the evidence was sufficient to support his conviction for depraved indifference murder.  But by Petitioner's own account (both to the jury and in this Court), he put his hand over his face and shot twice in the victim's direction.  A jury could surely conclude that conduct showed that Petitioner "simply [didn't] care whether grievous harm result[ed] or not."  *People v. Suarez*, 6 N.Y.3d 202, 214 (2005).  That another view of the evidence might have supported a finding of intentional murder does not render the evidence of depraved indifference insufficient. *See Johnson v. Bellnier*, 508 F. App'x 23, 26 (2d Cir. 2013) (summary order).  Further, Magistrate Judge McCarthy did not conclude that Petitioner must have been guilty of depraved indifference murder simply because the jury could not agree on intentional murder.  After marshaling the trial evidence showing that there was sufficient evidence for a reasonable juror to conclude that Petitioner acted with depraved indifference, she merely mentioned in passing the failure to agree on intentional murder – a fact that could be said to bolster but was by no means necessary to her conclusion, and certainly did not suggest that she believed any unintentional killing would amount to depraved indifference murder.

Petitioner next argues that the Magistrate Judge erred in denying his claim for ineffective assistance of counsel based on his lawyer's failure to move to dismiss the felony-murder count as jurisdictionally defective for failure to specify that robbery was the predicate felony at issue. He cites *People v. Gladman*, 41 N.Y.2d 123, 125 (1976), and *People v. Iannone*, 45 N.Y.2d 589, 600-601 (1978), for the proposition that a felony-murder indictment must specify the predicate felony, but no such proposition is supported by those cases.  Indeed, if anything, *Iannone* suggests the opposite, as does *People v. Kelly*, 566 N.Y.S.2d 326, 327 (App. Div. 2d Dep't 1991) (permissible to charge jury on predicate felony supported by evidence even if not charged in

-3-

indictment).  In the absence of authority for the proposition that the indictment was

jurisdictionally defective, counsel cannot have been ineffective for instead choosing to focus on

other issues that might have been more fruitful, *see Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir.

2001) – particularly where it was clear from the other counts and the bill of particulars that the

predicate crime was robbery – nor can Petitioner show prejudice.

The third objection is a general complaint as to the denial of the Petition "as a whole."

Because it is not directed to any specific portion of the R&R, I review the remainder of the R&R

for clear error, and find none.

## Conclusion

I adopt the R&R as the decision of the Court.  The Petition is dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107

F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129

F.3d 255, 259-60 (2d Cir. 1997).  The Clerk of the Court is respectfully directed to close the

case.

**SO ORDERED.**

Dated:  September 28, 2015
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.